UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERMAINE FANN,

        Plaintiff,

  v.

SGT. EDERER, Sergeant, Auburn Correctional
Facility, M. CORNELL, Correctional Officer, Auburn
Correctional Facility, LOVEJOY, Correctional Officer,
Auburn Correctional Facility, C. THOMAS,
Correctional Officer, Auburn Correctional Facility,
and R.F. SHRAMM, Correctional Officer and Certified
Drug Test, Auburn Correctional Facility,

        Defendants.

9:15-CV-1339
(DNH/CFH)

---

APPEARANCES:

JERMAINE FANN
08-B-2345
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN
New York Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

OF COUNSEL:

WILLIAM A. SCOTT, ESQ.
Ass't Attorney General

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. **INTRODUCTION**

  Plaintiff Jermaine Fann ("Fann" or "plaintiff"), proceeding pro se, has moved for

reconsideration of the December 22, 2015 Decision and Order (the "December Order")

issued in his civil rights action. Dkt. No. 9. Plaintiff also seeks preliminary injunctive relief. Dkt. Nos. 10, 12.

## II. PROCEEDINGS TO DATE

By his complaint, Fann seeks redress for numerous incidents of alleged wrongdoing that occurred at Auburn Correctional Facility ("Auburn C.F."), where he is presently confined. *See generally* Dkt. No. 1 ("Compl.").

Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the December Order determined that Fann's First Amendment retaliation claims against C.O. Thomas, C.O. Cornell, C.O. Lovejoy, C.O. Schramm, and Sgt. Ederer survived sua sponte review and require a response. December Order at 19.[1] Plaintiff's remaining claims were dismissed without prejudice and with leave to amend. *Id.*[2]

Defendants have been served and an answer to the complaint was filed on their behalf on March 14, 2016. Dkt. No. 22. A Mandatory Pretrial Discovery and Scheduling Order has been issued by Magistrate Judge Christian F. Hummel. Dkt. No. 23.

## III. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

---

[1] Plaintiff's in forma pauperis application was granted. December Order at 18-19.

[2] Plaintiff has not submitted an amended complaint.

2

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *Maye v. New York*, No. 10-CV-1260 (GLS/DRH), 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (internal quotation marks and citation omitted).

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

Fann seeks reconsideration of the December Order and reinstatement of the following claims: (i) plaintiff was subjected to unreasonable strip searches by C.O. Cornell and C.O. Stienberg; (ii) Lt. Ouimetto denied plaintiff due process at his disciplinary hearing; (iii) Supt. Graham and C.O. Knight improperly refused to release plaintiff from keeplock on July 9, 2015 and subjected him to eighteen days of unlawful confinement; and (iv) C.O. Brown failed to perform his duties as an employee assistant in violation of plaintiff's right to due process. Dkt. No. 9-2 at 2-11.

Fann also contends that the complaint set forth a cognizable claim against C.O. Lovejoy for the violation of plaintiff's right to attorney-client privilege and seeks reconsideration of the December Order in order to recognize and require a response to that claim. *Id*. at 9-10.

3

A. **Unreasonable Searches**

In his complaint, Fann alleges that on June 3, 2015, he was pat-frisked and then strip-searched by C.O. Cornell and C.O. Stienberg. *See* Compl. at 4-7. Plaintiff complains that the search was conducted in a room which afforded privacy, but was otherwise unsuitable because it was "filthy and bug-infested," and cold. *Id*. at 4. Plaintiff was subjected to another strip search in that same location by C.O. Cornell on July 9, 2015. *Id*. at 14.

While inmates do not retain the full range of constitutional rights that unincarcerated individuals enjoy, they do retain "some Fourth Amendment rights upon commitment to a correctional facility." *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979). Courts assessing an inmate's claim that officers infringed his or her Fourth Amendment rights must first determine whether the inmate has exhibited "an actual, subjective expectation of bodily privacy;" and second, "whether the prison officials had sufficient justification to intrude on [the inmate's] fourth amendment rights." *Covino v. Patrissi*, 967 F.2d 78 (2d Cir. 1992).

In each case, "[t]he test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of the personal rights that the search entails." *Bell*, 441 U.S. at 559. As the Second Circuit recently reiterated, "inmates retain a limited right of bodily privacy under the Fourth Amendment." *Harris v. Miller*, No. 14-1957, 2016 WL 963904, at *10 (2d Cir. Mar. 15, 2016).

Thus, where as here, an isolated search is challenged as unreasonable, "courts typically apply the standard set forth in [*Bell*]" in determining the reasonableness of the search. *Harris*, 2016 WL 963904 at *5, 10 (courts should assess reasonableness in light of the four *Bell* factors: "(1) the scope of the intrusion; (2) the manner in which it was conducted;

4

(3) the justification for initiating it; and (4) the place in which it was conducted.").

In some cases, an inmate's Eighth Amendment right to be free from cruel and unusual punishment may be implicated by the search. *Harris*, 2016 WL 963904, at *10. To state a cognizable Eighth Amendment claim, the plaintiff must allege that the defendant acted with a subjectively culpable state of mind, and that the conduct was objectively "harmful enough" or "sufficiently serious" to reach constitutional dimensions. *Id*. at *10-11 (citing *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015)).

Upon initial review of the complaint, the December Order concluded that Fann had not alleged facts regarding the two searches sufficiently to plausibly suggest that his rights protected under the Fourth and/or Eighth Amendments were violated. December Order at 9-12. As a result, these claims were dismissed without prejudice and with leave to amend.

Fann has not filed an amended complaint but, rather, seeks reconsideration of the December Order. As set forth in his motion, plaintiff maintains that unreasonableness of the searches is sufficiently alleged and, if proven, would entitle him to relief. Dkt. No. 9-2 at 2-6.

Fann's complaint and motion for reconsideration have been thoroughly reviewed. Based upon that review, and with due regard for his status as a pro se litigant, there is nothing in plaintiff's motion which warrants reconsideration of the dismissal of his Eighth Amendment claims.

As set forth in the December Order, while Fann alleges that the searches made him feel "humiliated and embarrassed, and being a [heterosexual] male very uncomfortable," Compl. at 6, he does not allege that defendants used force against him, had inappropriate contact with his genitalia, or otherwise engaged in misconduct during the course of either search. Plaintiff's allegations, without more, do not plausibly suggest that defendants

5

violated plaintiff's Eighth Amendment rights.

However, it is determined that a response to Fann's claims that the visual body cavity searches conducted on June 3 and July 9, 2015 violated his rights under the Fourth Amendment is warranted and therefore this aspect of plaintiff's motion for reconsideration will be granted. This is not a ruling on the merits and no opinion is expressed as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment. Accordingly, defendants C.O. Cornell and Stienberg shall respond to these claims in accordance with the Federal Rules of Civil Procedure.

## B. **Wrongful Confiscation of Legal Materials**

As discussed in the December Order, the July 9, 2015 cell search and confiscation of Fann's personal property did not give rise to cognizable due process claims against C.O. Lovejoy and C.O. Schramm because New York provides an "adequate post deprivation" remedy for claims of lost or destroyed property. *See* December Order at 14-15.

By his motion for reconsideration, Fann does not express disagreement with this ruling but, rather, claims that because C.O. Lovejoy confiscated, read, and destroyed his personal legal materials, plaintiff's "constitutional right and privilege to his legal materials and correspondence and communications with his attorney" was violated. Dkt. No. 9-2 at 9-10.[3]

In support of this claim, Fann relies on the decision in *United States v. DeFonte*, 441

---

[3] "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). The attorney-client privilege exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389. "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403 (1976). Plaintiff does not set forth any facts regarding his legal materials which even suggest that some or all of the documents were protected against disclosure by the attorney-client privilege.

6

F.3d 92 (2d Cir. 2006), in which the Second Circuit recognized that "[i]ncarcerated or detained individuals do retain the attorney-client privilege." *Id*. at 94.

*DeFonte* dealt with the admissibility of purported privileged communications between a prisoner and her attorney at a trial of a corrections officer, a situation not relevant to this Section 1983 civil rights action. *See DeFonte*, 441 F.3d at 93.

Nevertheless, as the Second Circuit recently stated, "[l]egal documents have characteristics that differentiate them from mere 'property' whose destruction can be adequately remedied by a generic property-deprivation state law. Their theft or destruction, for example, may irrevocably hinder a prisoner's efforts to vindicate legal rights." *Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015); *see also Corley v. City of New York*, No. 1:14-CV-3202, 2015 WL 5729985, at *10 (S.D.N.Y. Sept. 30, 2015) (noting that plaintiff's "allegations regarding the destruction of his legal papers in particular could implicate his constitutional right to access the courts under the First Amendment."); *Abascal v. Fleckenstein*, No. 06-CV-349, 2012 WL 638977, at *4 (W.D.N.Y. Feb. 27, 2012) (construing plaintiff's claim that the confiscation of legal property violated his attorney-client privilege as First Amendment right to access the courts claims).

Upon review, because Fann alleges in his complaint that some of the items confiscated by C.O. Lovejoy were legal materials, plaintiff's motion for reconsideration will be granted in this regard in order to discern in the complaint a First Amendment access to the courts claim. As a result, it must be now be determined whether this claim survives sua sponte review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

An inmate alleging a denial of access to courts must show "actual injury" as a result of

7

the conduct complained of; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1995); *see also Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) ("[I]n order to survive a motion to dismiss [an access-to-the- courts claim] a plaintiff must allege not only that the defendant's conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim.").

"[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id*. at 417-18 (footnote omitted).

Upon review, and with due regard for Fann's status as a pro se litigant, even a liberal reading of the complaint does not plausibly suggest that plaintiff was denied access to the courts as a result of the confiscation of his legal property. Plaintiff does not describe his legal property, nor does he identify any pending litigation or potential litigation to which that property related.

As a result, there is no basis upon which it could be found that C.O. Lovejoy "prejudiced his ability to seek redress from the judicial system." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995) (noting that "[a]t best, plaintiff's allegation that his "law work" was destroyed supports the conclusion that he was temporarily inconvenienced by the loss of his papers."); *see also Konigsberg v. Lefevre*, 267 F. Supp. 2d 255, 261 (N.D.N.Y. 2003) ("Prison officials may only be held liable for such injury if they frustrated or impeded a

prisoner's efforts to pursue a non-frivolous legal claim.").

Based upon the foregoing, Fann's First Amendment access to the courts claim is dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

### C. Remaining Claims

Fann's motion has been thoroughly reviewed and the arguments asserted therein have been carefully considered. On the basis of that review, it is determined that while plaintiff disagrees with the December Order's rulings regarding the sufficiency of his remaining claims, he has not made any showing that reconsideration of the December Order is warranted. *See Shrader,* 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

As noted, these claims were dismissed without prejudice and with leave to amend. Fann is free to pursue these claims in a properly filed amended complaint submitted for review in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## IV. PRELIMINARY INJUNCTIVE RELIEF

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of

9

its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).

Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[4]

In his first request for injunctive relief, Fann states that was "preparing to serve my complaint" and was "concerned" that he might suffer retaliatory conduct. Dkt. No. 10. Plaintiff further stated that he "would just like some kind of assistance from the court in insuring that the superintendent of the facility properly supervise his officials while this action proceeds." *Id*. at 1.

In his second motion, filed only a few days later, Fann expresses concern that he will be mistreated in retaliation for his having filed this action and his ongoing efforts "to seek

---

[4] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

10

redress of his grievances in the prison system and in the courts." Dkt. No. 12-1 at 2-3. According to plaintiff, defendants have denied him meals and recreation, harassed and threatened him with physical harm, and subjected him to "constant body visual cavity searches and pat frisks." *Id*. at 2. Plaintiff seeks an order enjoining Supt. Graham and "all agents under his supervision" from engaging in retaliatory misconduct towards him. *Id*. at 3.

Upon review, Fann has not demonstrated that he is likely to suffer imminent irreparable harm if the requested relief is not granted. While mistreatment of any kind is not condoned, plaintiff's allegations are generally conclusory in nature and do not plausibly suggest that plaintiff will suffer irreparable harm if the requested relief is not granted.[5] Plaintiff's fear that defendants might physically harm or otherwise mistreat him is purely speculative and, therefore, patently insufficient to make the showing required for the issuance of preliminary injunctive relief. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (allegations of future injury without more do not establish a real threat of injury).[6]

In addition, Fann has also failed to demonstrate a likelihood of succeeding on the merits of his claims or the existence of sufficiently serious questions going to the merits of the claims and a balance of hardships tipping decidedly toward him. *See Covino*, 967 F.2d

---

[5] Although he complains of numerous instances of mistreatment, plaintiff has not provided the dates of any of these occurrences, the names of the defendants who were personally involved in the misconduct, or any other facts regarding these events. Two specific incidents are described: (i) on January 2, 2016, C.O. Cornell made a snide remark to plaintiff's associate; and (ii) on an unspecified date, C.O. Lovejoy might have kicked plaintiff in the leg from behind. Dkt. No. 12-1 at 3. These allegations, even if true, do not even suggest that the requested relief is warranted.

[6] Plaintiff is of course free to pursue concerns regarding the conditions of his confinement at Auburn C.F. through administrative channels at the prison and DOCCS and, if necessary, by means of a properly filed action.

11

at 77. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Further, it is noted that the relief requested by Fann amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).

According to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'" *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

Based upon the foregoing, Fann's motions for preliminary injunctive relief are denied.

## V. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration of the December Order (Dkt. No. 9) is

**GRANTED in part and DENIED in part** as set forth above;

    2. The Clerk shall (i) revise the docket to reflect that C.O. Stienberg is a defendant in this action, (ii) issue an amended summons, and (iii) forward the amended summons to the U.S. Marshal for service of process on defendant C.O. Stienberg;

    3. Defendants C.O. Cornell and C.O. Stienberg shall respond to plaintiff's Fourth Amendment claims arising from the visual body cavity searches conducted on June 3 and July 9, 2015, in accordance with the Federal Rules of Civil Procedure;

    4. Plaintiff's claim that C.O. Lovejoy confiscated plaintiff's legal property in violation of his First Amendment rights is **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1);

    5. Plaintiff's motions seeking preliminary injunctive relief (Dkt. Nos. 10, 12) are **DENIED**; and

    6. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 30, 2016
       Utica, New York.