UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERMAINE FANN,

         Plaintiff,

   v.                9:15-CV-1339
                     (DNH/CFH)

SGT. EDERER, Sergeant, Auburn Correctional
Facility, M. CORNELL, Correctional Officer, Auburn
Correctional Facility, LOVEJOY, Correctional Officer,
Auburn Correctional Facility, STIENBERG,
Correctional Officer, Auburn Correctional Facility,
C. THOMAS, Correctional Officer, Auburn Correctional
Facility, and R.F. SHRAMM, Correctional Officer and
Certified Drug Tester, Auburn Correctional Facility,

         Defendants.

---

APPEARANCES:            OF COUNSEL:

JERMAINE FANN
08-B-2345
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN      WILLIAM A. SCOTT, ESQ.
New York Attorney General        Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

   This is a civil rights action brought pro se by plaintiff Jermaine Fann ("Fann" or

"plaintiff"). Currently pending is plaintiff's second motion for reconsideration of the Decision and Order filed on December 22, 2015 (the "December Order"). Dkt. No. 9. Defendants, in turn, seek a stay of the pre-trial deadlines set forth in the Mandatory Pretrial Discovery and Scheduling Order issued by U.S. Magistrate Judge Christian F. Hummel. Dkt. No. 30.

## II. PROCEEDINGS TO DATE

By his complaint, Fann seeks redress for numerous incidents of alleged wrongdoing that occurred at Auburn Correctional Facility ("Auburn C.F."), where he is presently confined. *See generally* Dkt. No. 1 ("Compl.").

Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Fann's First Amendment retaliation claims against C.O. Thomas, C.O. Cornell, C.O. Lovejoy, C.O. Schramm, and Sgt. Ederer (set forth in the First and Fifth Claims) survived sua sponte review and required a response. December Order at 19.[1] Plaintiff's remaining claims were dismissed without prejudice and with leave to amend. *Id*.[2]

Thereafter, Fann sought reconsideration of the December Order with respect to the dismissal of several of his claims. Dkt. No. 9. Upon review, plaintiff's motion was granted in part and denied in part; plaintiff's claims that the visual body cavity searches conducted by defendants C.O. Cornell and C.O. Stienberg on June 3, 2015 and July 9, 2015 violated his rights under the Fourth Amendment were reinstated and a response was ordered. Dkt. No. 25 ("March order") at 13.

An amended answer has been filed on behalf of the defendants. Dkt. No. 29.

---

[1] Plaintiff's in forma pauperis application was granted. December Order at 18-19.

[2] Plaintiff has not submitted an amended complaint.

2

### III. **DISCUSSION**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *Maye v. New York*, No. 10-CV-1260 (GLS/DRH), 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (internal quotation marks and citation omitted).

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

By his present motion, Fann contends that the amended complaint sufficiently alleges that Supt. Graham and Supt. of Security Lamanna were personally involved in the strip searches complained of for purposes of Section 1983 liability and seeks reinstatement of his claims against these supervisory defendants. Dkt. No. 28-1 at 2. Plaintiff states that he did not seek this relief in his prior motion through inadvertence and/or mistake. *Id*.

3

Fann's complaint and motion for reconsideration have been thoroughly reviewed with due regard for his status as a pro se litigant. Upon dismissal of plaintiff's unlawful search claims against C.O. Cornell and C.O. Stienberg, the claims against defendants Supt. Graham and Supt. of Security Lamanna were also dismissed under the well-established principle that a complaint that fails to state a claim for the underlying unlawful conduct fails to state a claim against supervisory officials with respect thereto. December Order at 12 n.13 (citing cases).

In light of the reinstatement of Fann's claims against C.O. Cornell and C.O. Stienberg, it is appropriate to consider the sufficiency of plaintiff's claims against the supervisory defendants. As a result, plaintiff's motion for reconsideration will be granted in order the assess the sufficiency of the claims against Supt. Graham and Supt. of Security Lamanna.

In order to recover damages in a civil rights action, a plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivations. *See Iqbal,* 556 U.S. at 676; *Farrell v. Burke*, 449 F.3d 470, 474 (2d Cir. 2006). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676.

Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*,

4

781 F.2d 319, 323-24 (2d Cir. 1986)).[3]

In his complaint, Fann alleges that Supt. Graham and Supt. of Security Lamanna "knowingly allowed unconstitutional strip searches to be conducted by their officials under there [sic] supervision and failed to take action to ensure that such unreasonable searches was stopped once it came to there [sic] attention through grievances, written letters, and memos." Compl. at 6-7.

In support of his claim that Supt. Graham was aware of the circumstances under which visual body cavity searches such as those complained of were being conducted, Fann alleges that the Inmate Liaison Committee at Auburn C.F. had prepared a memorandum on this topic for "the superintendent's agenda list." *Id*. at 6. Construing the complaint liberally, a response to plaintiff's Fourth Amendment unreasonable search claims is required from Supt. Graham.

However, because Fann does not allege facts which plausibly suggest that Supt. of Security Lamanna was even aware of these searches, plaintiff's claim against him does not survive sua sponte review and will be dismissed without prejudice for failure to state a claim. *See Twombly*, 550 U.S. at 570 (holding complaint must allege facts sufficient to

---

[3] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*"); *see also Jamison v. Fischer*, 617 Fed. App'x 25, 28 n.1 (2d Cir. 2015) (affirming finding that defendants enjoyed qualified immunity and noting that it was not necessary to address whether the district court correctly dismissed the complaint against Bezio for lack of personal involvement.") (citing *Grullon*, 720 F.3d at 139). For purposes of this motion, it is assumed that *Colon* remains good law.

5

"nudge [plaintiff's] claims across the line from conceivable to plausible.").[4]

As noted, defendants' counsel has also requested that the pre-trial deadlines set in the Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 23) be stayed pending determination of plaintiff's motion for reconsideration and the appearance of any additional defendants. Dkt. No. 30. Fann opposes the requested stay as unnecessary. Dkt. No. 30.

Upon review, the pre-trial deadlines currently in effect afford both parties ample opportunity to conduct discovery and to file any appropriate motions. *See* Dkt. No. 23.[5] As a result, defendants' request will be denied.

## IV. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's second motion for reconsideration of the December Order (Dkt. No. 28) is **GRANTED**;

2. The Clerk of the Court shall (i) revise the docket to reflect that Supt. Graham is a defendant in this action, and (ii) issue an amended summons and forward it to the U.S. Marshal for service of process on defendant Supt. Graham;

3. Supt. Graham shall respond to plaintiff's Fourth Amendment unreasonable search claims in accordance with the Federal Rules of Civil Procedure;

4. Plaintiff's Fourth Amendment unreasonable search claims against Supt. of Security

---

[4] In addition, it bears noting that because Supt. of Security Lamanna is sued only in his official capacity, *see* Compl. at 2, an award of damages against him would be barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).

[5] The discovery completion deadline is September 14, 2016. Dkt. No. 23 at 4. Motions for joinder or to amend are due July 14, 2016; dispositive motions, if any, are due November 14, 3016. *Id*. at 4-5.

Lamanna are **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1);

5. Defendants' request to stay the pretrial deadlines (Dkt. No. 30) is **DENIED**; and

6. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 4, 2016
      Utica, New York.