UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERMAINE FANN,

                          Plaintiff,

    v.                                        9:15-CV-1339
                                                  (DNH/CFH)

H. GRAHAM, Superintendent Auburn Correctional
Facility, SGT. EDERER, Sergeant, Auburn
Correctional Facility, M. CORNELL, Correctional
Officer, Auburn Correctional Facility, LOVEJOY,
Correctional Officer, Auburn Correctional Facility,
STIENBERG, Correctional Officer, Auburn
Correctional Facility, C. THOMAS, Correctional
Officer, Auburn Correctional Facility, and
R.F. SHRAMM, Correctional Officer and
Certified Drug Tester, Auburn Correctional
Facility,

                          Defendants.

---

APPEARANCES:                                    OF COUNSEL:

JERMAINE FANN
08-B-2345
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN            WILLIAM A. SCOTT, ESQ.
New York Attorney General                  Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Presently under consideration in this civil rights action brought pro se by plaintiff Jermaine Fann ("Fann" or "plaintiff") is plaintiff's third motion for preliminary injunctive relief. Dkt. No. 37.

## II. PROCEEDINGS TO DATE

By his complaint, Fann seeks redress for numerous incidents of alleged wrongdoing that occurred at Auburn Correctional Facility ("Auburn C.F."), where he is presently confined. *See generally* Dkt. No. 1 ("Compl.").

Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Fann's First Amendment retaliation claims against C.O. Thomas, C.O. Cornell, C.O. Lovejoy, C.O. Schramm, and Sgt. Ederer (set forth in the First and Fifth Claims) survived sua sponte review and required a response. December Order at 19.[1] Plaintiff's remaining claims were dismissed without prejudice and with leave to amend. *Id*.

Fann then sought reconsideration of the December Order with respect to the dismissal of several of his claims. Dkt. No. 9. Upon review, plaintiff's motion was granted in part and denied in part; plaintiff's claims that the visual body cavity searches conducted by defendants C.O. Cornell and C.O. Stienberg on June 3, 2015 and July 9, 2015 violated his rights under the Fourth Amendment were reinstated and a response was ordered. Dkt. No. 25 at 13. In a subsequent order, Auburn Supt. Graham was reinstated as a defendant with respect to plaintiff's Fourth Amendment unreasonable search claims. Dkt. No. 34 at 6.

---

[1] Plaintiff's in forma pauperis application was granted. December Order at 18-19.

Defendants have been served and have answered the complaint. Dkt. Nos. 29, 43, 47. A Mandatory Pretrial Discovery and Scheduling Order was issued by Magistrate Judge Christian F. Hummel in March 2016. Dkt. No. 23.[2]

## III. PRELIMINARY INJUNCTIVE RELIEF

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or

---

[2] Plaintiff has also filed a motion to amend his complaint and a request for a subpoena. Dkt. Nos. 45, 50. These motions are pending before U.S. Magistrate Judge Christian F. Hummel.

very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

In his motion, Fann claims that "sometime in February or March 2016" he was subjected to a visual body cavity search in the "strip search area." Dkt. No. 37 at 4. Plaintiff states that this search was part of a search of the entire C-Block, but maintains that all other inmates were searched in their cells. *Id*. Plaintiff contends that the conditions under which this search was conducted were similar to those under which he was searched by defendants C.O. Cornell and C.O. Steinberg on June 3, 2015 and July 9, 2015. *Id*. at 3.[4] Plaintiff seeks an order prohibiting defendants from "conducting visual body cavity searches in Auburn Correctional Facility, C-Block maintence [sic] area." *Id*. at 5.

Defendants oppose Fann's motion and urge its denial. Dkt No. 44. Defendants contend that plaintiff has not met the "heavy burden" for the issuance of such relief. In fact, defendants argue that plaintiff has "done nothing more in his current motion than restate the unsupported allegations of his Complaint. . . ." *Id*. at 2. Defendants note, moreover, that they deny that plaintiff was subjected to a strip search on June 3, 2015, and maintain that the

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[4] As alleged, the searches were conducted in a "basement like area" which is accessed mostly by contractors to fix and repair the toilets, lighting, and water systems, and which also functions as a staff break room (containing a microwave and small desk). Dkt. No. 37 at 4. Plaintiff asserts that on both occasions, he was required to stand naked, completely bare with his hands above his head strapped to the bars and bare foot with dust, slime, and insects crawling on and around his feet." *Id.* Plaintiff submitted an affidavit from inmate Nicholas Carducci dated September 23, 2015. Dkt. No. 37 at 10-11. Carducci states that on an "unspecified day" plaintiff was pat frisked by Officers Cornell and Steinberg and then escorted inside the C-Block building. *Id*. at 10. Carducci has no personal knowledge of what transpired inside the building but states his belief that plaintiff was taken to the "C-Block strip search room." *Id*. at 11. Carducci appears to state that he has undergone searches in that same area, which he describes as a "small room" with a concrete floor "filled with scum." *Id*.

4

strip search on July 9, 2015 "was performed only after marijuana was found in Plaintiff's possession." *Id*.

Fann filed a reply in which he restates his belief that he has demonstrated his entitlement to the injunctive relief requested in his motion. Dkt. No. 48. Plaintiff also disputes defendants' description of the July 9, 2015 search. *Id*. at 2.[5]

Upon review, Fann has not demonstrated that he is likely to suffer imminent irreparable harm if the requested relief is not granted. While mistreatment of any kind is not condoned, plaintiff's allegations are generally conclusory in nature and do not plausibly suggest that he will suffer irreparable harm if the requested relief is not granted.

Significantly, Fann does not contend that any of the defendants were personally involved in the search which occurred "sometime [i]n February or March." *See* Dkt. No. 37. Thus, plaintiff's fear that these defendants might physically harm or otherwise mistreat him is purely speculative and, therefore, patently insufficient to make the showing required for the issuance of preliminary injunctive relief. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501 (NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (allegations of future injury without more do not establish a real threat of injury).

In addition, Fann has also failed to submit proof or evidence which demonstrates a likelihood of succeeding on the merits of his claims or the existence of sufficiently serious questions going to the merits of the claims and a balance of hardships tipping decidedly toward him. *See Covino*, 967 F.2d at 77. Plaintiff's allegations, standing alone, are not

---

[5] In this regard, plaintiff fails to reference the statements in the inmate misbehavior report that state "during the pat frisk of Fann, I recovered from his right pocket of his shorts a folded up piece of white paper that contained a green leafy substance;" this substance tested positive for marijuana. *See* Dkt. No. 1-1 at 15 (Inmate Misbehavior Report dated 7/9/15).

5

sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Based upon the foregoing, Fann's motion for preliminary injunctive relief is denied.

## IV. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 37) is **DENIED**; and

2. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

United States District Judge

Dated: June 29, 2016
Utica, New York.