UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERMAINE FANN,

                                 Plaintiff,                   9:15-CV-1339
                                                                   (DNH/CFH)

    v.

H. GRAHAM, et al.,

                                 Defendants.

---

APPEARANCES:                                            OF COUNSEL:

JERMAINE FANN
08-B-2345
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN                WILLIAM A. SCOTT, ESQ.
New York State Attorney General               Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff pro se Jermaine Fann commenced this civil rights action pro se in November 2015. Dkt. No. 1. By his complaint, plaintiff asserts numerous claims arising out of his confinement in the custody of the Department of Corrections and Community Supervision

("DOCCS") at Auburn Correctional Facility.[1]  Plaintiff claims, among other things, that visual body cavity searches conducted on June 3, 2015 and July 9, 2015 violated his rights under the Fourth Amendment, and that he was retaliated against on several occasions in violation of his First Amendment rights.  Id.[2]  Defendants Graham, Ederer, Cornell, Lovejoy, Steinberg, Thomas, and Schramm have answered the complaint.  See Dkt. Nos. 29, 43, 47.[3]  Discovery is ongoing.[4]

Presently before the Court is plaintiff's motion for leave to file an amended complaint.  Dkt. No. 45.  Plaintiff also seeks reconsideration of this Court's Decision and Order (the "July Order") denying his request for appointment of pro bono counsel.  See Dkt. No. 74.

## II.  DISCUSSION[5]

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 15.  Rule 15(a) states that "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182 (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993).  The Supreme Court of the United States has stated:

---

[1]  Plaintiff has advised the Court that he is scheduled for release from DOCCS custody on August 23, 2016.  Dkt. No. 75.  See http://nysdoccslookup.doccs.ny.gov (last visited July 29, 2016).

[2]  Plaintiff was granted leave to proceed with this action in forma pauperis.  Dkt. No. 5 at 18-19.

[3]  It appears from the acknowledgments of service signed by defendants that C.O. Shramm's name is spelled "Schramm," and that defendant C.O. Stienberg's name is spelled "Steinberg."  See Dkt. No. 16 at 5; Dkt. No. 32.  The Clerk is directed to revise the docket accordingly.

[4]  Plaintiff has filed a motion to compel (Dkt. No. 64) which will be addressed at a telephone conference with the parties which is currently scheduled for August 16, 2016.  Dkt. No. 76.

[5]  Copies of any unpublished decisions cited herein are provided to plaintiff along with this Decision and Order.

2

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant or deny a motion to amend or supplement a complaint is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. See Fielding v. Tollaksen, 510 F.3d 175, 179 (2d Cir. 2007).

Plaintiff has submitted a proposed amended complaint in support of his motion. See Dkt. No. 45-2 ("Prop. Am. Compl."). As set forth in his accompanying affidavit, plaintiff seeks to name Dep. Supt. Fagan as an additional defendant, in his official capacity, "due to the change of positions in the Department of Corrections hierarchy." Dkt. No. 45-1 at 2.[6] Plaintiff also repleads his disciplinary due process claim against Lt. Ouimetto which was dismissed upon initial review of the complaint. See Dkt. No. 5 at 15-19. In addition to setting forth additional factual allegations in support of his pending claims, plaintiff states that the amended complaint includes "several new constitutional violations of the plaintiff's rights by the defendants." Id. Counsel for defendants has advised the Court that defendants "do not object" to the filing of plaintiff's proposed amended complaint. Dkt. No. 52.[7]

Upon review, the Court grants plaintiff's motion to amend in part and denies it in part. It is well-settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir.

---

[6] Defendant Fagan, identified as "the new deputy superintendent of security at Auburn C.F.," is sued in his "official capacity." Prop. Am. Compl. at 2.

[7] Defendants reserve the right "to fully respond" to the amended complaint. Dkt. No. 52 at 1.

3

1997).[8] As a result, plaintiff's claims against defendants Thomas, Cornell, and Steinberg for having filed false inmate misbehavior reports against him in violation of his Fourteenth Amendment due process rights, see Prop. Am. Compl. at ¶¶ 103, 191, are not cognizable in this Section 1983 action and this aspect of plaintiff's motion is denied. However, in light of plaintiff's pro se status, the motion to amend is granted in all other respects. The Clerk is directed to file the proposed amended complaint as the amended complaint in this action, and revise the docket to add Lt. Ouimetto and Dep. Supt. Fagan as defendants.

As noted, plaintiff also seeks reconsideration of the July Order, and asks that pro bono counsel be appointed to represent him in this action. Dkt. No. 74. Plaintiff contends that the Court overlooked that part of his motion which reflected his efforts to secure legal representation on his own, and asks that his request for counsel be addressed on its merits. Id. at 4-5.[9] Upon review, the Court grants plaintiff's request for reconsideration of the July Order. Accordingly, the Court will consider whether appointment of pro bono counsel is warranted on the record before the Court in this action.

A party has no constitutionally guaranteed right to the assistance of counsel in a civil case. See, e.g., United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the Court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any

---

[8] Plaintiff's clams that these misbehavior reports were issued in retaliation for his grievance activity survived initial review and are pending. See December Order at 12-14.

[9] Letters from several attorneys declining plaintiff's request for representation are attached to the motion as "Exhibit A." See Dkt. No. 74 at 10.

4

person unable to afford counsel.").[10]

Courts cannot utilize a bright-line test in determining whether counsel should be appointed. Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing Hodge, 802 F.2d at 61).

Here, plaintiff contends that appointment of counsel is warranted because this action requires "extensive discovery" – including oral depositions of defendants – which is exceedingly difficult for an incarcerated litigant to pursue. See Dkt. No. 61-2 at 14. Plaintiff also contends that First Amendment retaliation claims are complex and "best" handled by counsel. Id. Further, plaintiff notes the ongoing discovery disputes, and claims that counsel should be appointed because DOCCS is "making it hard for the plaintiff to investigate the

---

[10] Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept an appointment. "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do." Rashid v. McGraw, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

5

facts due to there [sic] go to defense of 'safety and security.'"  Dkt. No. 74 at 4.

Upon review, and with due consideration of plaintiff's status as a pro se litigant, the Court finds that appointment of pro bono counsel is not warranted at this time.  The record before the Court does not demonstrate that plaintiff is not able to effectively pursue his claims.  Although plaintiff correctly notes that incarcerated litigants may face numerous obstacles in pursuing their lawsuits, plaintiff has advised the Court that he will soon be released from DOCCS custody.  Moreover, the Court has been and will continue to be actively engaged in monitoring the discovery process and resolving disputes that may arise between the parties.  Although it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel."  Velasquez, 899 F. Supp. at 974.  Further, if this case survives a dispositive motion filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference.

Based upon the existing record in this case, the Court finds that appointment of pro bono counsel is unwarranted.[11]  Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants the granting of such an application.

### III. CONCLUSION

---

[11] In so ruling, the Court is mindful, as the Second Circuit has admonished that it must be, of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care.  *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity.").

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED** that in accordance with information provided in the acknowledgments of service (Dkt. No. 16 at 5; Dkt. No. 32), the Clerk is directed to revise the docket to indicate that defendant C.O. Shramm's name is spelled "Schramm," and that defendant C.O. Stienberg's name is spelled "Steinberg;" and it is further

**ORDERED** that plaintiff's motion to amend (Dkt. No. 45) is **GRANTED in part and DENIED in part** as set forth above; and it is further

**ORDERED** that the Clerk is directed to (i) file the proposed amended complaint (Dkt. No. 45-2) as the amended complaint in this action; (ii) revise the docket to add Lt. Ouimetto and Dep. Supt. Fagan (in his official capacity) as defendants in this action; and (iii) issue amended summonses and forward them to the U.S. Marshal for service on defendants Ouimetto and Fagan; and it is further

**ORDERED** that a response to the amended complaint shall be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's motion (Dkt. No. 74) for reconsideration of the July Order is **GRANTED**; and it is further

**ORDERED** that plaintiff's request that pro bono counsel be appointed to represent him in this action (see Dkt. No. 61) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

Date: August 1, 2016
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge