

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 1 7 2018
AT____ O'CLOCK____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERMAINE FANN,

                      *Plaintiff,*

-against-

H. GRAHAM, DEP. FAGAN, LT. OUIMETTO, SGT. EDERER, M. CORNELL, OFFICER STIENBERG, OFFICER LOVEJOY, C. THOMAS, R.F. SCHRAMM,

                      *Defendants*

STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)

15-CV-1339

DNH/CFH

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff Jermaine Fann, the attorney for plaintiff and the attorney for defendants Harold Graham, Edward Fagan, Jeremy Ederer, Michael Ouimette, Matthew Cornell, Gary Steinberg, Joshua Lovejoy, Charles Thomas and Robert Schramm, parties to the above entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1.    Pursuant to Rule 41 (a) of the Federal Rules of Civil Procedure, plaintiff discontinues this action with prejudice and without damages, costs, interest or attorney's fees, and discharges and releases Defendants Harold Graham, Edward Fagan, Jeremy Ederer, Michael

Ouimette, Matthew Cornell, Gary Steinberg, Joshua Lovejoy, Charles Thomas and Robert Schramm, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action. Each party is to bear its own attorneys' fees and costs.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and its being ordered by the Court, defendants shall pay to plaintiff the sum of Nine Hundred Fifty and 00/100ths Dollars ($950.00), by check, in full settlement of any and all claims. This amount includes all sums to which

plaintiff is entitled. Plaintiff's check will be made payable to Jermaine Fann and mailed to Jermaine Fann, 430 Main Street, Apt #206, Dunkirk NY 14048.

6. It is further agreed that any stenographer costs assessed against Jermaine Fann in the matter of Fann v. Arnold, 14-cv-6187 [e.g., Dkt. Nos. 52, 55], are hereby waived as part of the settlement of the current matter and that counsel for defendants in the current matter has the authority to waive such costs.

7. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon plaintiff's timely signing and returning the necessary administrative documents, including, but not limited to, a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the administrative processing of the settlement paperwork.

8. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

9. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the periods set forth in paragraph 8, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after

Court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff, however, any period of time attributed to plaintiff as an unreasonable delay in returning the administrative documents referenced in paragraph 6 above, shall be deducted from the calculation of the 121st or 151st day by which the payment of interest is calculated.

10. This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained, and this action shall then be placed back on the trial calendar without prejudice.

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that Medicare has made no conditional payments, and that he does not expect to be a Medicare recipient within the next 30 months.

12. The foregoing constitutes the entire agreement of the parties.

Dated: _____, New York
October __, 2018

_____
Jermaine Fann
Plaintiff

Dated: Albany, New York
October 15, 2018

_____
Bella S. Satra, Esq.
Barclay Damon
Attorney for Plaintiff
80 State Street
Albany, NY 12207
Bar Roll No.: 518204
Telephone: 518-429-4299
Fax: 518-533-2941
Email: bsatra@barclaydamon.com

Dated: Albany, New York
October 16, 2018

BARBARA D. UNDERWOOD
Attorney General of the State of New York
Attorney for Defendants
Albany, New York 12224-0341

By: /s William A. Scott
William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No. 512434
Telephone: (518) 776-2255
Email: William.Scott@ag.ny.gov

Dated: Utica, New York
10/17/2018

SO ORDERED:

HON. DAVID N. HURD
UNITED STATES DISTRICT COURT JUDGE

5